**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Tyrone Eugene HENDERSON,**
**Defendant–Appellant.**

**No. 02–1958.**

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

Michael C. Leibson, Asst. U.S. Attorney, Kenneth R. Chadwell, Jr., U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Martin J. Beres, St. Clair Shores, MI, for Defendant–Appellant.

Before MERRITT, DAUGHTREY and GIBBONS, Circuit Judges.

MERRITT, Circuit Judge.

In this direct criminal appeal of his drug conviction the defendant above raises three issues: (1) that the evidence was insufficient to sustain guilty verdicts on the charge of conspiracy to import heroin and the charge of attempted possession with intent to distribute heroin; (2) that the trial court erred in reserving a ruling on the defendant's motion for judgment of acquittal; and (3) that the prosecutor was guilty of "intentional misconduct" by improperly implying that the plea agreement of defendant's confederate, Julie White, showed that the confederate's testimony was truthful, and by vouching for the truthfulness of the witness in closing argument. The Court has reviewed the briefs and record in the court below and concludes that none of the issues presented for review on appeal justifies a reversal of the judgment below and accordingly affirms the judgment of the court below based upon the jury's verdict of guilty.

■ With respect to the sufficiency of the evidence, the testimony of the defendant's confederate, Julie White, the corroborating telephone records, the flight of the defendant from the scene at the Quality Inn on October 12, 2001, and the information found on two cell telephones in the defendant's possession, taken together were clearly sufficient to sustain the verdict.

■ Federal Rule of Criminal Procedure 29(b) authorizes district courts to "reserve decision on a motion for judgment of acquittal," and the district court did not abuse its discretion in so ruling.

Finally, with respect to arguments raised concerning prosecutorial misconduct, we note that no contemporaneous objection was raised to any of the comments referred to in the defendant's brief on appeal, and we find no plain error or unfair prejudice in the conduct of the prosecutor during the trial. The prosecutor's examination of White and his closing argument were well within the norms of trial advocacy and should not be deemed erroneous unless a specific reason was pointed

out at trial and the court was given an opportunity to correct the problem.

Accordingly, the judgment of the district court is AFFIRMED.